In the Matter of the Application of Joseph P. Roche, as Clerk and Custodian of Records of the Children's Court of Albany County.— Application, pursuant to the provisions of section 89 of the Judiciary Law, verified March 3, 1958, for permission to destroy or otherwise dispose of certain papers, books and records of the Children's Court, Albany County, as set forth in such application. Application granted. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.

The People of the State of New York, Respondent, v. Charles B. Langford, Appellant.— Defendant was indicted in Ulster County on May 28, 1946, for the crime of escape from Wallkill Prison, where he was confined pursuant to a felony conviction. He was arraigned in Ulster County Court on such indictment on June 9, 1947. In the meantime he had been confined pursuant to the original felony conviction. Counsel was assigned to defendant and on June 18, 1947, defendant entered a plea of guilty to the escape count in the indictment and was sentenced to an indeterminate sentence of two and one-half to five years. No appeal was taken from such judgment of conviction. According to appellant's brief, he was apparently returned to Ulster County Court for resentence because of noncompliance with section 480 of the Code of Criminal Procedure. He was resentenced on May 2, 1957, and the same sentence was imposed. This appeal is taken from the "judgment of conviction" of May 2, 1957, and raises the question that defendant was not given a speedy trial on

the escape charge. While it is very doubtful if defendant may raise questions relating to the original conviction (from which no appeal was taken) by an appeal from a judgment entered upon a resentence approximately 10 years later, this decision need not turn upon that point. It is well settled that the right to a speedy trial may be waived. (*People* v. *White*, 2 N Y 2d 220; *People* v. *Begue*, 1 A D 2d 289.) By failure to specifically raise the question of delay and by pleading guilty to the indictment while represented by counsel the defendant effectively waived his right to raise the question. Judgment is affirmed. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.